UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLIED WORLD ASSURANCE
COMPANY,

      Plaintiff,

v.                                              Case No: 2:18-cv-158-FtM-38CM

LEE MEMORIAL HEALTH SYSTEM,
LESLEY HOLMAN, DOMINGO
PEREZ TROY and MARIA PEDRO
RUPERTO,

      Defendants.
                                        /

## **OPINION AND ORDER**[1]

Before the Court is Allied World Assurance Company's Motion for Judgment on the Pleadings (Doc. 37) and Lee Memorial Health System's response in opposition (Doc. 40), which was joined by Defendants Lesley Holman, Domingo Perez Troy, and Maria Pedro Ruperto (Doc. 42). For the following reasons, the Court denies the Motion.

## BACKGROUND

This is an insurance coverage dispute. Allied issued two Healthcare Excess and Umbrella Liability Insurance Policies to Lee Health. Each policy was in effect for a one-year period; the first began on August 1, 2016, and the second on August 1, 2017. (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

1-1; Doc. 1-2). Aside from the dates, the relevant terms of the two policies are the same. Allied seeks a declaration that the policies afford no coverage for a medical negligence case styled *Holman v. United States of America et al.*, No. 2:18-cv-76-UA-MRM (M.D. Fla.) (the "Underlying Action").

The Underlying Action arises from the treatment of Viviana Pedro, who was admitted to Lee Health's Gulf Coast Medical Center for labor and delivery on December 12, 2015. (Doc. 1 at 4). Pedro alleges that she suffered a brain injury in connection with her treatment. (Doc. 1 at 5). Lee Health received a Notice of Intent to Initiate Medical Malpractice Litigation on September 1, 2017, and the Underlying Action was filed about five months later. (Doc. 1-3; Doc. 25 at 5). The parties dispute whether the policies cover the Underlying Action. (Doc. 1 at 2; Doc. 25 at 2).

## DISCUSSION

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). In deciding a motion for judgment on the pleadings, courts "accept as true all material facts alleged in the non-moving party's pleadings" and "view those facts in the light most favorable to the non-moving party." *Id.* Judgment on the pleadings must be denied when a material fact is in dispute. *Id.*

Allied argues that two exclusions in the policies exclude coverage of the Underlying Action as a matter of law. Both parties attach the policies as exhibits to their pleadings, so they are not in dispute. Before addressing the policy language, the Court turns to a letter dated December 1, 2017, which Allied filed to support its Motion.

When deciding a motion for judgment on the pleadings, courts may consider documents outside the pleadings only if "they are central to the claim at issue and their authenticity is undisputed." *Id.* at 1340 n.12. When deciding whether documents are central to a claim, "courts conduct a fact-sensitive analysis, considering such factors as: whether the claims depend on the documents; whether the contents of the documents are alleged in the complaint; or whether the documents form a necessary part of the plaintiff's effort to make out his claim." *Ramey v. Interstate Fire & Cas. Co.*, 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) (internal citations and quotations omitted).

The December 1, 2017 letter was written by a paralegal in Lee Health's Legal Services department in response to a request for information from Allied. (Doc. 43). The letter states, in relevant part:

- An explanation as to when a member of Lee Health's, Gulf Coast Medical Center's (or any other Insured Entity's) Risk Management Department, Legal Department, Executive or Management Teams, or any individual charged with the responsibility of receiving incident reports, was first informed about the issues surrounding Ms. Pedro's delivery on December 12, 2015. Please also provide a copy of the internal reporting communications.
    - Email received 12/13/15. Safety report filed 12/14/15.
    - We do not have an incident report related to this event. Risk Management received a safety report, which was submitted to our patient safety organization in April 2016.
- An explanation as to whether the Pedro Matter was notified or reported to any other insurer that provided coverage to Lee Health prior to August 1, 2016.
    - AIG notified 8/12/2016.

(Doc. 43). In the Complaint, Allied alleges the existence of the letter and its contents, and the information in the letter is essential to Allied's case. (Doc. 1 at ¶ 36). For its part, Lee Health admits sending the letter, and its Response addresses the letter without

3

challenging Exhibit A's authenticity. (Doc. 25 at ¶ 36; Doc. 48). The Court thus finds that Exhibit A can be considered.

Turning to the issue of coverage, Allied first argues the Underlying Action falls under Exclusion D.2 of the policies, which excludes claims based on

> any **Occurrence**, claim, suit or **Medical Professional Incident** (hereinafter a "matter") taking place prior to the earlier of, (a) the Inception Date of this Policy, or (b) the Inception Date of the first policy issued by the **Insurer** to the **Insured** of which this Policy is a renewal, if a member of the **Insured Entity's** Risk Management Department, Legal Department, Executive or Management Teams or any individual charged with the responsibility of receiving incident reports for the **Insured Entity**, on or before such date, knew of such matter.

(Doc. 1-1 at 28; Doc. 1-2 at 26). It is undisputed that the Underlying Action is based on treatment provided December 12, 2015, months before the Inception Date of the first Allied policy. (Doc. 1 at ¶ 10; Doc. 1-3; Doc. 25 at 11). The "knowledge" requirement is a thornier issue.

Allied makes several allegations regarding Lee Health's knowledge, and Lee Health's responses are varied. Allied first asserts, "Lee Health's and/or Gulf Coast's Risk Management Department was informed of the complications surrounding Ms. Pedro's labor and delivery before August 1, 2016." (Doc. 1 at ¶ 14). Lee Health responds that it "cannot form an answer to paragraph 14, as the word 'complication' is not defined, and is otherwise too vague. Therefore denied." (Doc. 25 at 3). Allied also alleges, "On December 1, 2017,…Lee Health sent a Letter to Allied World confirming that Lee Health's Risk Management Department was aware of the Incident prior to August 1, 2016[.]" (Doc. 1 at ¶ 36). In response, Lee Health admits that it sent the letter and denies the remaining allegations to the extent they "contradict or misinterpret the December 1, 2017 response by Lee Health or the effect of any items referenced therein[.]" (Doc. 25 at 6-7). Finally,

4

Allied alleges, "Lee Health and/or Gulf Coast's Risk Management Department knew of the Incident prior to August 1, 2016. (Doc. 1 at ¶ 40). Lee Health denies this allegation. (Doc. 25 at 7). The pleadings demonstrate that Lee Health's knowledge is in dispute.

Allied next argues the Underlying Action falls under Exclusion D.16, which excludes claims based on

> any facts, matters, events, suits or demands, acts, errors or omissions, incidents, **Occurrences** or **Medical Professional Incidents** notified or reported to, deemed notified or reported to, or which should have been notified or reported to, any policy of insurance or policy or program of self-insurance in effect prior to the Inception Date of this Policy.

(Doc. 1-1 at 31; Doc. 1-2 at 29). Allied alleges that Lee Health was insured by AIG Policy No. 6797308 before the inception of the first Allied policy, and that Lee Health notified AIG of the Pedro matter on August 12, 2016. (Doc. 1 at ¶ 23, ¶¶ 45-46). Lee Health denies these allegations in its Answer, while pleading in its Counterclaim, "at the time that Lee Health notified AIG (*i.e.* August 12, 2016), the AIG policy was not *in effect,* as AIG has denied coverage under the policy." (Doc. 25 at 5, 7, 16).

By affirming the December 1, 2017 letter while denying allegations that mirror its contents, Lee Health paints a confusing picture. And Lee Health's pleading appears inconsistent as to the AIG policy. But in deciding Allied's 12(c) Motion, Lee Health's denials are accepted as true, and the facts are interpreted in Lee Health's favor. Lee Health's knowledge is material to the application of Exclusion D.2, and the pleadings place the issue in dispute. The pleadings likewise dispute the effective dates of the AIG policy, an essential element of Exclusion D.16. The pleadings thus do not establish undisputed facts entitling Allied to judgment as a matter of law, and Allied's Motion must be denied.

Accordingly, it is now

**ORDERED:**

Allied World Assurance Company's Motion for Judgment on the Pleadings (Doc. 37) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of October, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record