UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALLIED WORLD ASSURANCE
COMPANY,

       Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No: 2:18-cv-158-FtM-38UAM

LEE MEMORIAL HEALTH SYSTEM,
LESLEY HOLMAN, DOMINGO
PEREZ TROY, and MARIA PEDRO
RUPERTO,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Lexington Insurance Company's Motion to Intervene for the Purpose of Moving to Stay Summary Judgment Ruling Pending Discovery (Doc. 66), and Plaintiff Allied World Assurance Company's opposition (Doc. 70). For the below reasons, the Court denies Lexington's motion.

This case involves an insurance coverage dispute. Allied issued two insurance policies to Lee Memorial. And it now seeks a declaration that neither policy covers Lee

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Memorial in an underlying medical negligence case[2] because Lee Memorial (1) knew about the incident before Allied insured it; and (2) reported the incident to its prior insurer, Lexington, who insured Lee Memorial when the incident happened.  Discovery has closed here, and Allied has moved for summary judgment (Doc. 61).

Despite this case's posture, Lexington wants to intervene.  Lexington is a defendant in Lee Memorial's declaratory judgment action for insurance coverage in the medical negligence case.  *See Lee Memorial Health System v. Lexington Ins. Co.*, No. 2:18-cv-617-FtM-38UAM (M.D. Fla.).  There, Lexington argues it need not cover Lee Memorial and points to Allied as the source for insurance coverage.  Because Lexington asserts that common issues of law and fact exist between this case and the other insurance suit, it wants to intervene here to stay Allied's pending motion for summary judgment.  Specifically, Lexington requests that

> it be permitted to intervene in this case at the present time for the purpose of moving to stay entry of any ruling on the summary judgment motion filed by Allied World pending discovery on critical facts of whether Lee Memorial's risk management department had knowledge of an actual or alleged act error or omission by Lee Memorial prior to the inception of the Allied World policy.

(Doc. 66 at 2).  Allied opposes intervention, arguing that Lexington cannot intervene just to stay a case and intervention is unduly prejudicial because of the cases' different procedural postures.

Federal of Civil Procedure Rule 24(b) governs permissive intervention.  It says a court may allow an entity to intervene who "has a claim or defense that shares with the

---

[2] The medical negligence case is before the Undersigned and styled as *Holman v. United States*, No. 2:18-cv-76-FtM-38MRM (M.D. Fla.).  It arises from a brain injury a patient suffered during labor and delivery in a Lee Memorial hospital.  (Doc. 1 at 4).

2

main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Courts have considerable discretion in deciding Rule 24(b) motions. *See, e.g., Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (stating Rule 24(b) intervention is "wholly discretionary" even where the requirements of Rule 24(b) are satisfied). And "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

After careful consideration of the parties' briefs and applicable law, the Court declines Lexington's intervention request for three reasons. First, this case involves an insurance contract dispute between Allied and Lee Memorial, and them alone. Although both cases involve contract interpretation connected to the medical negligence case, the issue in each case is whether coverage exists under a specific policy—not which of the two company's policies cover Lee Memorial.

Second, only Lexington's interest would be served by intervention. Although Lexington wants to weigh in on Allied's dispute with Lee Memorial, that is not a reason to delay this case. Discovery has closed. Allied has moved for summary judgment. Allied and Lee Memorial are set for mediation tomorrow.

Third, Lexington wants to intervene to stay summary judgment, and not to assert a claim or defense. Such a reason for intervention is improper. *See, e.g., Home Design v. Banyan*, No. 5:07-cv-5-Oc-10GRJ, 2007 WL 9719238, at *1 (M.D. Fla. Nov. 21, 2007) ("Where, as here, a party seeks to intervene not to press a claim or defense, or to align

itself either as a plaintiff or as a defendant - but only to obtain a stay - Rule 24 of the Federal Rules of Civil Procedure is not an appropriate vehicle for seeking to stay an action." (footnote omitted)). Lexington need not intervene because, as it recognizes, any decision on Allied's motion for summary judgment will not bind Lexington.

In conclusion, to ensure the "just, speedy, and inexpensive determination" of this case, the Court denies Lexington's motion. *See* Fed. R. Civ. P. 1.

Accordingly, it is now

**ORDERED:**

Lexington Insurance Company's Motion to Intervene for the Purpose of Moving to Stay Summary Judgment Ruling Pending Discovery (Doc. 66) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of March 2019.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record